504    CIRCUIT COURT REPORTS—NEW SERIES.

Howe Bldg. Co. v. Blasberg.    [Vol. 16 (N.S.)

## ACTION ON MECHANIC'S LIEN.

Circuit Court of Cuyahoga County.

THE HOWE BUILDING & REALTY CO. v. WOLF BLASBERG ET AL.[*]

Decided, November 18, 1907.

*Appeal and Error—Action to Foreclose Mechanic's Lien Appealable.*

An action to foreclose a mechanic's lien and for a personal judgment for its amount is appealable.

*Foster, Foster & Howells,* for plaintiff in error.
*Neff & McTighe, Max F. Goodman* and *Joseph Moore,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Motion is made to dismiss the appeal taken in this case on the ground that the action is not an appealable one.

The petition sets forth three causes of action, the first two alleging facts upon which it is claimed the defendant is indebted to the plaintiff for materials furnished and work done in the sum of $1,355 and the last says that the defendant failed to pay the $1,355 as agreed and that the plaintiff filed. an attested account and obtained a lien upon the property on which the work was done.

The prayer of the petition is for judgment in the sum of $1,355 and for sale of the property to satisfy it.

In other words, we have here an action for foreclosure of a mechanic's lien, with prayer for a personal judgment for the amount secured by the lien.

At the October term, 1906, in the case of *Jesiononski* v. *Wismiewski,* this court held such cases appealable, basing that conclusion upon an amendment of the statute authorizing the rendition of a personal judgment in foreclosure cases.

Section 5021, Revised Statutes of Ohio, formerly provided that in an action to foreclose a mortgage given to secure the payment

---

[*]Petition in error dismissed (unreported, 81 Ohio State, 482) on authority of *Thatcher* v. *Watson,* 51 Ohio State, 561.

of money, or to enforce a specific lien for money, the plaintiff may also ask in his petition a judgment for the money claimed to be due; *and such proceedings shall be had, and judgment rendered thereon, as in a civil action for the recovery of money only.*

When this section became the eighth paragraph of Section 5058, by the amendment of 1900 (94 O. L., 279) the words italicized "and such proceedings shall be had, and judgment rendered thereon, as in a civil action for the recovery of money only," were omitted, and we thought this significant.

The argument was as follows:

Actions for the recovery of money only are triable to a jury. Section 5130, Revised Statutes of Ohio.

An action in foreclosure and for personal judgment is not for money only, but is for money *and* equitable relief; hence, when the Legislature first authorized the joinder of such causes of action, realizing that the action would not then be for money only, it specifically provided that it should, notwithstanding that fact, be triable to a jury and used apt language for that purpose. Color to this view is lent by the opinion in the case of *Wood & Pond* v. *Stanberry,* 21 O. S., 142, 149, where it is said that this provision of the statute was "a limitation upon the authority to render personal judgments in actions for the foreclosure of mortgages which would otherwise be inferred from the general terms of the statute."

This limitation being removed by the amendment referred to, it would seem that the issues are no longer triable to a jury.

The right to demand a jury being gone, the case is appealable. Section 5226, Revised Statutes.

This construction of the amendment is reasonable. Foreclosure cases are better tried to a court than to a jury and it is rare that one was tried to a jury, even under the old section, 5621. Then, too, granting a personal judgment adds little to the value of a decree in foreclosure, for there may be execution on an unsatisfied balance of a decree in equity. *Gliddings* v. *Barney,* 31 O. S., 80.

We are aware that our conclusions are in conflict with the ruling of the third circuit, as shown in the case of *Lumber Co.* v. *Troxel,* reported in the Ohio Law Bulletin August 5, 1907, at page 574, affirmed without report by the Supreme Court, but as the significant amendment of the statute referred to was not called to the attention of that court, and as we are advised that the common pleas courts of this circuit have been following our recent ruling since it was announced, we have concluded to abide by that ruling.   The matter is not without difficulty and further doubt is thrown upon our conclusion by an examination of the case of *Ladd* v. *James,* 10 O. S., 437, but it is fitting that the question be submitted to the Supreme Court to the end that the rulings on this matter be uniform throughout the state.

The motion to dismiss the appeal is overruled.   Cause referred to Walter D. Meals, Esq.